### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

**Steven Dominic**

                                    Case No. 20-cv-854-PB

    v.                                Opinion No. 2021 DNH 077

**Goldman & LeBrun**
**Professional Association et al.**

### MEMORANDUM AND ORDER

Steven Dominic has brought this action in his capacity as the administrator of his deceased mother's estate.  He has sued his mother's lawyer and the lawyer's affiliated law firms, a number of employees at banks that did business with his mother, and several former officials of the New Hampshire Banking Department.  Dominic asserts two federal causes of action and a plethora of state law claims.

Defendants responded to Dominic's original complaint with motions to dismiss, requesting that the court dismiss Dominic's federal claims and decline to exercise supplemental jurisdiction over his state law claims.  Instead of objecting to the motions to dismiss, Dominic sought leave to file a first amended complaint.  Before I had a chance to rule on Dominic's motion, he moved for leave to file a second amended complaint. Defendants objected to both of Dominic's motions to amend the complaint as futile.  I denied the defendants' motions to dismiss without prejudice in light of Dominic's requests to

amend and waited until the two motions to amend were ripe.  In the meantime, Dominic filed a third motion to amend, which I denied without prejudice.[1]

Because I find defendants' arguments persuasive, I deny Dominic's three motions to amend as futile, dismiss his federal claims with prejudice, and dismiss his state law claims without prejudice to his right to pursue the claims in state court.

## I.   BACKGROUND

Elaine Dominic died on November 8, 2016.  2d Am. Compl. ¶ 164.[2]  For several years prior to her death, Dominic's older brother Reginald lived with her at her home in Boscawen, New Hampshire and cared for her physical and mental health needs. 2d Am. Compl. ¶¶ 28-29.

### A.   Durable Power of Attorney

In 2011, Reginald hired Attorney Stephen Goldman to represent Elaine.  2d Am. Compl. ¶¶ 36-38, 134.  Dominic alleges

---

[1] In his motion for leave to file a third amended complaint, Dominic failed to attach his proposed complaint and to explain why any new allegations, claims, or parties were not included in the original filing, as required by Local Rule 15.1(a).  Because this third amended complaint would not correct the deficiencies apparent in the first or second amended complaint, I now deny the plaintiff's motion for leave to file a third amended complaint with prejudice.

[2] For the purposes of laying out the facts and legal arguments offered by Dominic, I rely on his proposed second amended complaint, the most recent complaint he has filed with this court.

that Reginald and Goldman pushed Elaine to sign a general financial durable power of attorney ("DPOA") and a durable power of attorney for health care ("DPOA HC"), which she eventually signed during a meeting on June 8, 2012.  2d Am. Compl. ¶¶ 54, 57.

## B.   Sale of Rye Property

That same month, Reginald and Goldman listed Elaine's beach home, a property in Rye, New Hampshire, for $399,000.00.  2d Am. Compl. ¶ 62.  On July 1, 2012, an offer was made for $355,000.00.  2d Am. Compl. ¶ 63.  Reginald and Goldman accepted the offer, and Reginald signed paperwork for the sale using his DPOA on behalf of Elaine.  2d Am. Compl. ¶ 63.  Reginald and Goldman then worked with the realty group Bean Group Title & Escrow LLC on the title of the property.  2d Am. Compl. ¶ 64. On July 13, 2012, Elaine signed a warranty deed for the Rye home.  2d Am. Compl. ¶ 72.  Reginald received $332,458.22 for the sale of the Rye property.  2d Am. Compl. ¶ 75.  Pointing to Elaine's absence from the closing and the low price of the sale, Dominic alleges that the house purchase was a strawman purchase scheme created by Reginald, Goldman, Bean Group, and Provident Bank.  2d Am. Compl. ¶¶ 73, 77, 85, 102, 105, 456-457.

## C.   Other Financial Transactions

Dominic further alleges that Reginald engaged in fraud and financial exploitation of Elaine for the four years leading up

to her death in 2016.  2d Am. Compl. ¶ 128.  In April 2013, the
Bank of New Hampshire ("BONH") accepted and certified a DPOA for
Elaine for a claim for lost, stolen, or destroyed U.S. Savings
Bonds, without a written or verbal request by Elaine.  2d Am.
Compl. ¶ 135.  In June 2013, the Federal Reserve Bank mailed
Goldman a check from Elaine's account for $29,614.76.  2d Am.
Compl. ¶ 138.  After Elaine's death, Reginald continued to make
withdrawals of over $100,000 from Elaine's Franklin Savings Bank
account.  2d Am. Compl. ¶ 174.

In September and November of 2019, Dominic filed two
consumer complaints on behalf of Elaine's estate with the New
Hampshire Banking Department ("NHBD"), demanding the return of
$561,807.60 and $4,000,000.00, respectively, to Elaine's estate.
2d Am. Compl. ¶¶ 236-237, 243-244.  NHPD turned over its
investigation to the Attorney General's Office in April 2020.
2d Am. Compl. ¶ 358.

**D.   Administration of Elaine's Estate**

Following Elaine's death, Reginald was appointed
administrator of her estate, and served in that role until his
death on April 5, 2017.  2d Am. Compl. ¶¶ 179-180.  Goldman
succeeded Reginald as administrator and continued to serve in
that capacity until November 13, 2017.  2d Am. Compl. ¶ 194.  In
June 2017, Dominic filed a petition in probate court alleging
fraud, false statements, and breach of fiduciary duties by

4

Reginald and Goldman.  2d Am. Compl. ¶ 212.  Dominic was
appointed administrator in October 2018.  2d Am. Compl. ¶ 349.

## II.   <u>STANDARD OF REVIEW</u>

"Under Federal Rule of Civil Procedure 15(a)(2), '[t]he
court should freely give leave [to amend the complaint] when
justice so requires.'" Sykes v. RBS Citizens, N.A., 2 F. Supp.
3d 128, 133 (D.N.H. 2014) (quoting Manning v. Boston Med. Ctr.
Corp., 725 F.3d 34, 60 (1st Cir. 2013)).  However, "a district
court may deny leave to amend when the request is characterized
by undue delay, bad faith, futility, or the absence of due
diligence on the movant's part." Id. (quoting Nikitine v.
Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013)).  "A
proposed amendment to a complaint is futile if, as amended, 'the
complaint still fails to state a claim.'" Id. (quoting Abraham
v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir.
2009)).  "Therefore, review for futility is identical to review
under Federal Rule of Civil Procedure 12(b)(6)." Id. (citing
Edlow v. RBW, LLC, 688 F.3d 26, 40 (1st Cir. 2012)).

To survive a motion to dismiss for failure to state a
claim, a plaintiff must make factual allegations sufficient to
"state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard
"demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." Id.  A claim is facially plausible if it
pleads "factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Id.

In testing a complaint's sufficiency, I employ a two-step
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  First, I screen the complaint for
statements that "merely offer legal conclusions couched as fact
or threadbare recitals of the elements of a cause of action."
Id. (internal quotation marks and alterations omitted).  A claim
consisting of little more than "allegations that merely parrot
the elements of the cause of action" may be dismissed.  Id.
Second, I credit as true all non-conclusory factual allegations
and the reasonable inferences drawn from those allegations, and
then determine if the claim is plausible.  Id.  The plausibility
requirement "simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence" of illegal
conduct.  Twombly, 550 U.S. at 556.  The "make-or-break
standard" is that those allegations and inferences, "taken as
true, must state a plausible, not a merely conceivable, case for
relief." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628
F.3d 25, 29 (1st Cir. 2010).

## III.   ANALYSIS

I analyze Dominic's two federal claims and conclude that both fail to state a claim.  I address each claim in turn and then discuss diversity and supplemental jurisdiction over Dominic's remaining state law claims.

**A.   § 1983 Claim**

In Count 1 of his proposed second amended complaint, Dominic attempts to base a claim for relief on 42 U.S.C. § 1983.

"A plaintiff must allege two elements to establish a claim for relief under section 1983: first, 'that they were denied some right "secured by the constitution and laws" of the United States,' and, second, 'that [defendants] deprived them of this right while acting "under color of state law."'" Rubin v. Smith, 817 F. Supp. 987, 993 (D.N.H. 1993) (quoting Rodriguez-Garcia v. Davila, 904 F.2d 90, 94 (1st Cir. 1990)).  "To establish an equal protection claim, a plaintiff needs to allege facts showing that '(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Davis v. Coakley, 802 F.3d 128, 132-33 (1st Cir. 2015) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995)).

Dominic does not even attempt to allege an equal protection violation.  Instead, viewed generously, he seems to invoke § 1983 as a statutory device for enforcing various requirements of federal banking law against the three defendant banks and the NHBD.  However, Dominic fails to point to any federal banking law that can be enforced via § 1983.  See Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 72 (1st Cir. 2005) (quoting Blessing v. Freestone, 520 U.S. 329, 340 (1997)) ("Not all violations of federal law give rise to § 1983 actions: '[the] plaintiff must assert the violation of a federal right, not merely a violation of federal law.'").  Accordingly, Dominic has failed to state a viable claim under § 1983, either as an equal protection claim or as an enforcement mechanism for federal banking law.

**B.   § 1985(3) Conspiracy Claim**

Dominic's § 1985(3) conspiracy claim also fails for the same reason that I rejected a comparable conspiracy claim he made in Dominic v. Concord Hospital, Inc. et al., 2021 DNH 053 (citing D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 44 (1st Cir. 2012)).  Dominic's § 1985(3) claim is therefore also fatally defective.

**C.   State Law Claims**

"When the parties to a federal lawsuit have citizens of the same state on both sides, and the court has dismissed all of the

federal claims, the court generally should dismiss, without prejudice, pendent state law claims for lack of subject matter jurisdiction." Ginsberg v. DeHart, No. 1:10-cv-00452, 2011 WL 1100989, at *2 (D.N.H. Mar. 22, 2011) (citing Lares Grp., II v. Tobin, 221 F.3d 41, 45 (1st Cir. 2000)).

I do not have diversity of citizenship jurisdiction over Dominic's state law claims because all the parties are New Hampshire residents.  Further, because this case is in its early stages, I decline to exercise my discretion to retain supplemental jurisdiction over the state law claims. Accordingly, these claims are dismissed without prejudice to Dominic's right to refile them in state court.

## IV.  <u>CONCLUSION</u>

For the reasons set forth in this Memorandum and Order, Dominic's motions for leave to file a first (Doc No. 15), second (Doc. No. 42), and third (Doc. No. 52) amended complaint are denied, his two federal claims are dismissed with prejudice, and all state claims are dismissed without prejudice to Dominic's right to renew his claims in state court.  I direct the clerk of court to enter judgment and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

May 20, 2021

```
cc:  Steve Dominic, pro se
     Simon R. Brown, Esq.
     Linda M. Smith, Esq.
     Gregory A. Moffett, Esq.
     Frank P. Spinella, Jr., Esq.
     Matthew Vernon Burrows, Esq.
     Seth Michael Zoracki, Esq.
     Laura Jean Lee, Esq.
     Matthew R. Johnson, Esq.
     Roy W. Tilsley, Jr., Esq.
     Stephen P. Griffin, Esq.
     Hilary Holmes Rheaume, Esq.
```